United States District Court
District of Connecticut
FILED AT   NEW HAVEN
12/16/2020
Robin D. Tabora, Clerk
By_____
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**TACHICA CALLAHAN**
            **Plaintiff,**                                    **DECEMBER 14, 2020**

**VS.**

**CITY OF NEW HAVEN HUMAN**
**RESOURCES,**
**NOELIA MARCANO**
**MAURINE VILLANI**
**MICHELLE CARFORA**
**STEPHEN J. LIBRANDI**
**CITY OF NEW HAVEN NHPD**
            **Defendants.**


**COMPLAINT**


## I. INTRODUCTION

1.    The plaintiff, Tachica M. Callahan (hereinafter "Plaintiff") brings claims against the

City of New Haven (hereinafter "New Haven" or "Defendant").  Defendant's agent,

Maurine Villani (hereinafter "Tax Collector"), denied Plaintiff equal opportunity

employment in the city of New Haven, CT March 11, 2019.  Defendant's agent Noelia

Marcano (hereinafter "Director of HR and Personnel and Civil service board Secretary")

and Steve Librandi (hereinafter "Director of Human Resources") have knowledge re

Civil Services has dual capacity in city of New Haven and is aware and knowledgeable

re exam employment practices, public policy, the New Haven Charter and the rules and

regulations that govern New Haven Civil Service employment.  The denial of

employment was in retaliation for Plaintiff's filing a complaint to the Commission on

Human Rights re Civil Service Collections Service Representative governed by Local

8429 and MERA.  Callahan was denied of an interview in the year 2019 after ranking #1

for the second time re position Collection Services Representative.  At all times relevant

to the events alleges in Defendants' Answer to Plaintiff's Complaint I was and still, the

highest Rank 1 candidate on Eligibility List #16-06 Approval Date January 28, 2016 and

Eligibility List #19-05 DATE OF EXAM 1/2019 CLASSIFICATION CODE M-6729

Certified 1/23/2019 Expired 1/23/2020.

The exam for Position Collections Service Representative was and is an Open

Competitive Exam, not a Promotional Exam in the City of New Haven.  CITY OF NEW

HAVEN CIVIL SERVICE RULES Adopted by the New Haven Civil Service Board

November 19, 2007 EFFECTIVE FEBRUARY 1, 2008 RULE VII – APPOINTMENTS.

Section 1-3. pg. 20-24) govern appointment re Civil Service employment re position

Collection Services Representative (3:18-cv-00488).  Plaintiff Callahan was denied

equal opportunity yet again in the year 2019 after reporting violations of ethics and law

and mismanagement to the EEOC and CHRO, and for exercising her First Amendment

rights of free speech. This was a violation of 42 U.S.C. § 1983.  Plaintiff Tachica

Callahan was terminated from her full time Assistant Teacher position from the New

Haven Board of Education (hereinafter "BOE") as Defendant's agent, past Director of

Early Childhood Education Department Head Dr. Tina Mannerino decided Ms. Tachica

Callahan could not work in her department at Wexler Grant.  Defendant's agent Donna

Aiello past acting (hereinafter BOE  "Director of Personnel") and past agent (hereinafter

"BOE" Labor Relations Specialist- Valerie Hudson Brown abruptly terminated the

2

Plaintiff's Assistant Teacher position at Wexler Grant in September of 2015 (No. 3:17-cv-00617).

Plaintiff's employment with Defendant's Board of Education from December 2005-April 2013 was unjustly taken away from her with malicious intent after violating the CBA between the City and Local 3429 AGREEMENT BETWEEN THE NEW HAVEN BOARD OF EDUCATION AND BOARD OF EDUCATION EMPLOYEES LOCAL 3429 OF COUNCIL 4 AFSCME, AFL-CIO July 1, 2006-June 30, 2010. Callahan was a union member and her contract afforded her sick and personal time, leave of absence, job protection and due process.  The Defendant's agents of the New Haven Board of Education past Labor Relations Specialist Kimberly Carolina and past Director of Human Resources and Personnel Andrea Lobo Wadley recommended past Superintendent Dr. Reginald Mayo and the Board termination of Plaintiff Tachica Callahan's 5 year position using pretext and/or mixed motion in which caused her to be terminated April 13, 2010.  Plaintiff was asked to resign in lieu of termination.  Plaintiff Tachica Callahan could not afford to willfully walk away from her position in lieu of termination.

The Plaintiff had minor children to provide for and chose to opt out for purposes of unemployment compensation.  The  Plaintiff filed for unemployment compensation.  The Defendant's (the "City") Board of Education lost an appeal to deny Plaintiff Tachica Callahan of unemployment compensation.  The State of CT  Employment Security Appeals Division's Adjudicator Ms. Anita Weeks deemed Callahan was not a burden to the New Haven Board of Education.  The Defendant lost all appeals to deny Callahan of compensation.  Plaintiff Tachica Callahan enrolled back in college while collecting

3

unemployment compensation for 3 consecutive years during the Great Recession (No. 3:17-cv-00617).

## II. JURISDICTION

2.     This Court has jurisdiction over the dispute pursuant to Conn. Gen. Stat. §§ 31-51m and 31-51q and 42 U.S.C. § 1983, inter alia.

## III. VENUE

3.     Venue is proper within this Judicial District under Conn. Gen. Stat. §51-345(3) because Plaintiff resides, and Defendant is located, in the District and all of the conduct underlying Plaintiff's claims occurred in the District.

## IV. PARTIES

4.     Plaintiff is a Connecticut resident.

5.     At all times relevant to this Complaint, Plaintiff was once employed by Defendant.

6.     Defendant is a municipal governmental entity located in the State of Connecticut.

## V. FACTS

7.     Plaintiff Tachica Callahan received an email on January 24, 2019 from Richard Campos, HR Intern of Dept. of Human Resources & Benefits 200 Orange Street Room 102 New Haven, CT 06510. Plaintiff Callahan received a result letter regarding the tested position Collections Services Representative with the City of New Haven. Plaintiff Callahan ranked 1 on Eligibility List 19-05, Approved 1/23/19 for Position Collections Service Representative. (No. 3:18-cv-00488 (JAM) Doc. 23-1 Complaint pages. 1-5 of 44.)

4

8.    Plaintiff Callahan's first inquiry regarding the open-competitive exam for classified position Collections Services Representative was in the year 2015. The defendants changed the job description and added banking experience. 6. Plaintiff Callahan does not recall banking experience being a requirement. (No. 3:18-cv-00488 (JAM) Doc. 23-1 Complaint pages 6-9 of 44.)

9.    The Civil Service Board approved the initial job task and qualifications. Defendant Tax Collector Villani was involved in revising the job description for the position and it may not have been proper because of the limited discretion an appointing authority should have regarding Civil Service employment. She could have tailored the job description and that would be considered broad discretion.  Plaintiff was employed by the City of New Haven of Education, paid out of City of New Haven Human Resources at 200 Orange Street, New Haven, CT (No. 3:18-cv-00488 (JAM).

10.    Plaintiff Tachica Callahan Ranked #1 for Civil Service Position Collections Service Representative in the year 2019 and was yet overlooked for both fulltime and part time positions. (No. 3:18-cv-00488 (JAM) Ex. 1 Villani Aff., ¶ 11.)

11.    The part time Collections Services Representative position does not require an exam. At all times relevant to the events alleges in Defendants' Answer to Plaintiff's Complaint I was and still, the highest Rank 1 candidate on Eligibility List#16-06 Approval Date January 28, 2016 and Eligibility List #19-05 DATE OF EXAM 0l/19 1/2019 CLASSIFICATION CODE M-6729 Certified 1/23/2019 Expired 1/23/2020.

12.    Plaintiff Tachica Callahan worked for 5 yrs as a paraprofessional, title Assistant Teacher per ETS ParaPro which is a Praxis exam equivalent to 2 years of college. The position is governed by (Local Union 3429), qualifications consist of an Associate

Degree OR 60 college credits or ParaPro exam in which Plaintiff Callahan has met both requirements. G.W. Bush passed the No Child Left Behind Act and City of New Haven paraprofessionals had to pass the exam equivalent to 2 years of college, or be terminated from their City of New Haven Board of Education position in the municipality. Plaintiff Callahan passed the exam on August 3, 2006 with a 464 scoring 7 points higher than CT's passing score (No. 3:17-cv-00617).

13.    The Defendants' actions are discriminatory, retaliatory, reckless and wanton.

14.    The State of Connecticut Employment Security Appeals deemed that Plaintiff Tachica Callahan did not commit any willful acts to be asked to resign ~~reign~~ for her paraprofessional position of 5 years in lieu of termination April 13, 2010, and decided Plaintiff Callahan was not a burden to the City of New Haven Board of Education (No. 3:17-cv-00617).  New Haven's paraprofessionals — the roughly 500 unlicensed educators who work as Head Start leads, assistant teachers, special-education aides, parent liaisons and outreach workers — say they've long felt disregarded within the school system.

15.    After years of broken promises, the union, which is largely made up of women of color, is fighting to change those working conditions.

16.    Their pay is among the lowest in the city. Salaries start at $22,300, which would fall below the federal poverty line for a single parent with two kids, and they max out at $42,125.

17.    And their required medical contribution takes away a lot of that money. The district deducts at least one-fifth of every paycheck, unless they opt for a

high-deductible plan that could come with as much as $6,850 in out-of-pocket
expenses.


18.     Paraprofessionals are also regularly being asked to step in as substitutes when a
teacher is absent, despite a 2009 settlement that was supposed to prohibit principals
from doing that for more than one day.

19.     To date Tachica M. Callahan has no felony convictions on her record.  The State
of CT Board of Pardons & Paroles have cleared plaintiff Tachica Michelle Callahan to
work having no limitations. The Defendant's agent  "New Haven Police Department"
harassed, arrested and retaliated against Callahan for protecting her minor son as a
retaliatory measure for filing complaints against several entities including the NHPD for
false arrest, holding the plaintiff against her will based on false accusations and
pretenses using pretext as a reason to torment the plaintiff.

20.     The Defendant (hereinafter "City of New Haven") hoped Callahan was imprisoned
and a default judgment would be entered dismissing Callahan's claims for injunctive
relief. The defendant City of New Haven failed to protect my family. They have willfully
tormented and traumatized Callahan and her children having no regard for the plaintiff's
children (No. 3:18-cv-00488 (JAM).  "After serving nearly two decades behind prison
walls, four men have been awarded $4.2 million each for a wrongful conviction.  Friday,
the state's Claims Commissioner J. Paul Vance Jr. found the evidence
against...dismissed on grounds consistent with innocence.  Under the compensation
statute, the state requires claimants to establish six criteria to qualify for compensation.
Indisputable facts establish the first five criteria: that the claimants were convicted of a

crime; are innocent of those crimes; were sentenced to prison; served part of the sentence; and had their convictions vacated, according to the statute.  The sixth criterion requires claimants to establish that charges were dismissed either on grounds of innocence or a ground consistent with innocence...no dispute that the claimants have clearly established the first five criteria," said Vance in the memorandum of decision. "All Connecticut citizens should celebrate this award and feel proud of how their state shows respect for constitutional rights and compassion for victims who suffer when those rights are violated," said Victor Sipos, who's representing the four men. "This a morally and legally correct outcome for..while money cannot repay what was taken from them, this award is a genuine effort by the State of Connecticut to both apologize and to help them recover from the wrongs done to them."

Sipos said Connecticut lawmakers and the commissioner set a powerful example for the rest of the nation.  Hence, the State of CT lead prosecutor Dave Strollo and Prosecutors Alana Tynan and Nicole Pecko continuously participated in the false arresting and prosecuting of Tachica Callahan showing lack of concrete evidence for the malicious prosecution.  Plaintiff Callahan had a meeting with Defendant's past CAO Sean Matteson, now Chief of Staff, and the Defendant's Civilian Review Board and they all disregarded all of Plaintiff Callahan's complaints requesting relief re all claims against the Defendant and its agents.

21.      The Defendant could not even locate Plaintiff's complaints, but Plaintiff Callahan had copies of all original Civilian complaints made to the CRB.  Plaintiff argued for 4 years in GA 23 and had a whole trial in part A with Honorable Judge O'Keefe to have all felony charges dismissed.  Callahan holds in her position video evidence of the

Defendant's agents maliciously arresting Plaintiff Callahan in their schemes to defame

my name in the city of New Haven.  They have helped hinder me in this life, and hoped

to stop me from being able to provide for my offspring hoping to convict me of crimes I

did not commit.

22.    January 2, 2020 plaintiff Callahan contacted Susan M. Boscia, Investigator of

Equal Employment Opportunity Commission Boston, MA 02203-9906 to confirm that

she received scanned document MFP11578415. The document pertains to EEOC

Charge No 523-2019-01423. The legal affidavit is signed and notarized. 23

23.    Plaintiff Callahan  contacted Supervisor Anthony Pino of the EEOC in Boston, MA

notifying him that Susan Boscia left a message on her voicemail that she was out of her

office until Monday and to contact him regarding the charge electronically filed with City

of New Town Clerk Michael B. Smart at msmart@newhavenct.gov. The deadline to

submit my legal affidavit fell on a Sunday, the next business day Monday became the

deadline. The complaint is originally dated 3/11/19.

24.    January 5, 2020 to file with the EEOC was the plaintiff's deadline. Plaintiff

Callahan forwarded affidavit MFP11578415 and asked Mr. Pino to confirm upon receipt

of the message.

25.    January 22, 2019 Callahan sent an email to Susan Boscia requesting the position

statement of the Defendant City of New Haven upon release to the EEOC. The EEOC

would provide the position statement and non-confidential attachments to the Callahan,

and provide an opportunity to respond within 20 days.  Plaintiff Callahan understood

that a Respondent generally has 30 days to gather the information requested and to

submit its position statement and attachments to the EEOC.

26.     Callahan's email to Mr. Pino said that her email requesting the document was early, but she didn't want to get sidetracked and forget to make the formal request.

27.     January 22, 2020 Susuan Boscia contacted Callahan via email saying "As of right now, your charge is not assigned to me, as it is awaiting the receipt of the position 8 statement" and once it was received it would be assigned to an investigator, who may or may not have been her.

28.     Ms. Boscia told Callahan she would receive an email notification from the portal that the position statement was available to review, and she'd be able to request it at that time.

29.     On January 4, 2020 Susan Boscia left a message on her voicemail that she was out of her office until Monday. S. Boscia said if the matter was urgent contact EEOC Supervisor Anthony Pino. Callahan was concerned about the charge needing to have been electronically filed with City of New Town Clerk Michael B. Smart at msmart@newhavenct.gov.

30.     The deadline to file a complaint against the defendants was January 5, 2020. Tachica Callahan emailed the affidavit MFP11578415 to the EEOC before the deadline against the City of New Haven is dated 3/11/19.

31.     January 6, 2020 Ms. Bosica sent an email to Ms. Callahan and confirmed that Callahan's signed charge was marked as received as of 1/2/2020.

32.     February 18, 2020 Callahan contacted Susan Boscia and stated she had not heard anything from an investigator at the EEOC. 30 days had already passed and the Respondent City of New Haven had not submitted a position statement.

33.     February 19, 20200 Ms. Boscia responded saying she informed Callahan in an email sent January 22, 2019 that the charge was not assigned to her, as it was awaiting the receipt of the position statement. She ensured Callahan she would receive an email notification from the portal that the position statement is available for review, and would be able to request it at that time.

34.     Susan Boscia instructed Callahan to contact the EEOC for any further inquiries/questions regarding the matter, or contact Enforcement Supervisor Anthony Pino  whom she copied on the emails.  Boscia told Callahan could also check the status of the charge at any time online at the following link:

https://publicportal.eeoc.gov/portal/EEOC/CheckChargeStatusIMS.aspx.

35.     On February 20, 2020 Mr. Pino forwarded Complainant Tachica Callahan the Respondent's (City of New Haven or Respondent) Position statement and filing, 523-2019-01423.

36.     August 20, 2020 an attached copy of the City of New Haven's position statement was forwarded to Callahan in a separate email, along with the complaint, and Callahan was instructed to submit a written rebuttal to on or before September 2, 2020.

37.     Mr. Pino stated there was no format for a Charging Party rebuttal. He encouraged Charging Parties to write their rebuttals in the order the position statement flows suggesting it was much easier for the writer and reader.

38.     Thereafter, Complainant Tachica M. Callahan received a Right to Sue letter regarding EEOC Number: 523-2019-01423. The charge of employment discrimination filed on 2020-01-02 with the U.S. Equal Employment Opportunity Commission (EEOC) by Tachica Callahan against CITY OF NEW HAVEN.

39.     The defendants have knowledge of statements in other written affidavits, and have knowingly withheld many disputed material facts from the USDC-New Haven. The defendants in City of New Haven et al have submitted statements of fact under oath during a CHRO finding of fact before submitting their statement of facts to the EEOC the show there are disputed material facts and an inconsistency in their live testimony.

40.     There are a number of disputed material facts in Callahan v. City of New Haven et al. Rank 1 candidate Tachica Callahan took open competitive exam for position Collections Service Representative December 2015 and Eligibility List #16-06 was created by defendant Personnel Director of HR Noelia Marcano, certified by the Civil Service Board and Approved January 28, 2016.

41.     One pertinent material fact in dispute is the defendants made statements of fact saying the Rank 2 candidate Melissa Eden worked as a temporary employee sent by Kaiser, but Eden had a New Haven BOE Clerk position at Roberto Clemente before she seamlessly transferred to the City of New Haven Tax Office in November of 2017 to work in City of New Haven classified position Collection Services Representative.

42.     Eden appears to have been promoted with the municipality City of New Haven. Eden could not be employed in both positions at the same time in the municipality between the so-called separate entities that operate independently. The Collections Service Representative job position is a classified position according to the Civil Services rules, awarded based on merit.  Eden requested that she be transferred from the City of New Haven Tax Office.

## VI. CODE OF ORDINANCES

43.     City of New Haven TITLE II, TITLE III - CODE OF GENERAL ORDINANCES

The CITY OF NEW HAVEN and its CIVIL SERVICE BOARD APPOINTED BY THE
MAYOR Per Section #157, Article XXX of the Revised City Charter, 11/2013: TERM
FIVE YEARS (5) is well aware of the numerous violations.

44.     Plaintiff raised her concerns about it's failures in governing Civil Service
employment within the municipality, and their failure to abide by the code approval by
Mayor Elicker and past Mayor Toni Nathiel Harp.  Defendant City of New Haven, the
city's Chief of Staff Sean Mattison, the Defendant's Senior Corporation Counsel John
Rose, Senior Corporation Counsel Kathleen Foster Corporation Counsel, Deputy
Corporate Counsel Kevin Cassini, Senior Corporation Counsel Michael Wolak who is
defending the Defendants, and other employees of Defendants in No. 3:18-cv-00488
(JAM) have knowledge of Plaintiff Tachica Callahan's complaint at USDC-New Haven,
and are apprised of all information and have personal knowledge of the matters to
which reference is made herein; and know I ("Plaintiff Tachica Callahan") have filed a
civil complaints requesting for legal relief in claims of relatitory and discriminatory
employment practices, and actions against me that caused disparate treatment and
disparate impact in municipality City of New Haven.

45.     During Plaintiff's testimony on numerous occasions, Plaintiff has not withheld any
pertinent facts from the Court, and I am acting in my individual capacity or, on behalf of
one self, as the case may be; and I am fully apprised of the contents in Callahan v. City
of New Haven et al, and all pertinent facts and circumstances relative to the same.

46.     The defendants have not fully apprised the Court of material fact that would
ultimately impact the outcome in this matter; 9. I hereby allege and assert that I am

privileged to information regarding the Collections Service Representative and pertinent information they may change the outcome if produced by the other Defendant City of New Haven.

47.    After Callahan interviewed  with Maurine Villani, she denied Plaintiff's appointment to the position of Collections Service Representative effective.  Human Resources Stephen Librandi communicated to Callahan via telephone communications that Villlani made the decision to not offer Callahan equal employment in New Haven.

## VII. COUNT ONE: VIOLATION OF CONN. GEN. STAT. § 31-51m

48.    Paragraphs 1-84 of this Complaint are incorporated herein by reference as paragraphs 1-84 of this Count One as if fully set forth herein.  Plaintiff was an employee of Defendant, an employer, originally hired as a student in 1999.  Plaintiff's employee ID number was and still is 8097.

49.    Defendant denied  Plaintiff's employment because she reported a violation of municipal ordinance or regulation to the CHRO, USDC-New Haven and Civilian Review Board.

50.    Defendant denied Plaintiff's employment because she was requested by By the CHRO and EEOC to participate in an investigation, hearing or inquiry after the Plaintiff filed complaints.

51.    Defendant was denied equal opportunity and access to accumulate more wealth based on merit, and because she reported unethical practices, mismanagement and abuse of authority by Defendant's agents including the Civil Service Board.

52.    Plaintiff has suffered economic damages because of Defendant's actions.

53.    Plaintiff has suffered emotional distress because of Defendant's actions.

## VIII. COUNT TWO: VIOLATION OF CONN. GEN. STAT. § 31-51q IN TERMINATION FOR EXERCISING SPEECH RIGHTS

14

1-84. Paragraphs 1-84 of Count One are incorporated herein by reference as

paragraphs

1-84 of this Count Two as if fully set forth herein.

54.     In submitting my complaints and  memorandum of law to the CHRO, USDC-New Haven, an EEOC in Boston, Massachusetts, Plaintiff Tachica M. Callahan was and is exercising her right of free speech as protected under the First Amendment of the United States Constitution and §§ 4, 5, and 14 of the Connecticut Constitution.

55.     Defendant terminated Plaintiff's employment at the BOE on account of Plaintiff's exercise of her right of free speech.

56.     Plaintiff has suffered economic damages because of Defendant's actions.

57.     Plaintiff suffered emotional distress because of Defendant's actions.

## VIII. COUNT THREE: WRONGFUL DISCHARGE AGAINST PUBLIC POLICY EXPRESSED IN THE NEW HAVEN CHARTER AND EMPLOYMENT GOVERNED BY THE COLLECTIVE BARGAINING AGREEMENTS.

The Civil Service System regulates hiring, promotion and other aspects of

employment with the City of New Haven.  The system is governed by local Charter and

Ordinances, as well as the Civil Service Rules, which outline Civil Service procedures.

The Rules are in place to help ensure that the hiring process is competitive and fair.

Generally, the City uses examinations to measure a potential candidate's "merit"

for the particular position.  After each exam, the City establishes an "eligibility" list. This

list consists of all candidates who pass the exam by rank order and is available to each

City agency with open positions in the corresponding title. Candidates are contacted for

interviews as the needs of these agencies require. Current policy requires agencies to

review the top three scorers remaining on the list for appointment to a vacant position, a

15

procedure known as the Rule of Three.  Some positions available within the City do not require an examination.

## IX. CIVIL SERVICE BOARD

The Civil Service Board is established by the City of New Haven in the City Charter, Article XXX. The Board is an autonomous body of City of New Haven citizens. Duties of the Civil Service Board include creating new positions, revising existing ones, and certifying eligibility lists. To learn more about Boards and Commissions and how to become involved, visit Boards and Commissions.

## X. CIVIL SERVICE RULES

These Civil Service Rules have been adopted by the Civil Service Board in accordance with the authority and responsibility vested in the Board by the Charter of the City of New Haven. These Rules govern appointments, promotions and other matters for the classified service for the City. Read the Civil Service Rules here .

1-28. Paragraphs 1-84 of Count One are incorporated herein by reference as paragraphs

1-28 of this Count Three as if fully set forth herein.

25. It is a public policy of the State of Connecticut that municipalities establish and manage their own governments. Conn. Gen. Stat. § 7-187 et seq.

58.    Defendant terminated and denied Plaintiff of equal employment to punish her for truthfully reporting to the USDC-New Haven for violations of the municipal codes in the New Haven Charter and/or Civil Service Rules and Regulations re interviewing and hiring practices.

59.   Defendant's termination of Plaintiff's Fulltime and part time Assistant Teacher (Paraprofessional) employment was for a reason in violation of public policy.

60.   Plaintiff suffered economic damages because of Defendant's actions.

61.   Plaintiff suffered emotional distress because of Defendant's actions.

## XI. COUNT FOUR: WRONGFUL DISCHARGE AGAINST PUBLIC POLICY EXPRESSED IN THE NEW HAVEN CHARTER AND EMPLOYMENT GOVERNED BY THE COLLECTIVE BARGAINING AGREEMENTS

Paragraphs 1-84 of Count One are incorporated herein by reference as paragraphs 1-84 of this Count Four as if fully set forth herein.

62.   Defendant terminated Plaintiff's full time BOE employment to punish her for truthfully filing internal grievances.

63.   Defendant's denial of Plaintiff's interview for and employment was for a reason in violation of public policy.

64.   Plaintiff suffered economic damages because of Defendant's actions.

65.   Plaintiff suffered emotional distress because of Defendant's actions.

## XII. COUNT FIVE: WRONGFUL DISCHARGE AGAINST PUBLIC POLICY: CITY CHARTER CONTRACTING RULES AS EXERCISE OF HOME RULE

1-84. Paragraphs 1-84 of Count One are incorporated herein by reference as paragraphs

1-84 of this Count Five as if fully set forth herein.

66.   It is a public policy of the State of Connecticut that municipalities establish and

manage their own governments. Conn. Gen. Stat. § 7-187 et seq. 26. Defendant City of New Haven and its agents have violated numerous ordinances.

67.    Plaintiff acted in compliance with the public policy articulated in the contractor and bidding and approval rules in New Haven's City Charter in raising concerns about violations of those rules.

68.    Defendant terminated Plaintiff's employment to punish her for reporting violation of the contractor and bidding rules to BOA in compliance with its exercise of municipal authority.

69.    Defendant's termination of Plaintiff's employment was for a reason in violation of public policy.

70.    Plaintiff suffered economic damages because of Defendant's actions.

71.    Plaintiff suffered emotional distress because of Defendant's actions.

## XIII. COUNT SIX: VIOLATION OF CITY OF NEW HAVEN CIVIL SERVICE RULES Adopted by the New Haven Civil Service Board November 19, 2007 EFFECTIVE FEBRUARY 1, 2008 RULE VII – APPOINTMENTS. Section 1-3. pg. 20-24).

1-84. Paragraphs 1-24 of Count One are incorporated herein by reference as paragraphs 1-84 of this Count Six as if fully set forth herein.

72.    Defendant expressed the public policy of New Haven by establishing and approving rules in New Haven's City Charter. The Civil Service Board is established by the City of New Haven in the City Charter, Article XXX.

73.    Plaintiff acted in compliance with the public policy articulated in the contractor and bidding and approval rules in New Haven's City Charter in raising concerns about violations of those rules.

74.     Defendant denied Plaintiff equal opportunity employment to punish her for reporting violation of rules and regulations in New Haven's City Charter.

75.     Defendant's termination of Plaintiff's past BOE employment was for a reason in violation of public policy.

76.     Plaintiff suffered economic damages because of Defendant's actions.

77.     Plaintiff suffered emotional distress because of Defendant's actions.

## XIV. COUNT SEVEN: VIOLATION OF 42 U.S.C. §1983 THROUGH DEPRIVATION OF FEDERAL SPEECH RIGHTS

1-84. Paragraphs 1-84 of Count One are incorporated herein by reference as paragraphs 1-24 of this Count Seven as if fully set forth herein.

78.     Defendant acted under color of law when it terminated Plaintiff's employment.

79.     Defendant acted under color of law when it terminated Plaintiff's employment.

80.     By terminating Plaintiff's employment, Defendant deprived Plaintiff of her right to free speech under the First and Fourteenth Amendments to the U.S. Constitution.

81.     As a result of Defendant's action, Plaintiff has suffered economic damages.

82.     As a result of Defendant's action, Plaintiff has suffered emotional distress.

## XV. STATUTE OF LIMITATIONS

83.     Statutes of Limitation in Connecticut. Injury to Person is 2 yrs. §52-577; 2yrs. from discovery if by negligent, reckless, or wanton conduct, with max 3 yrs. from wrong §52-584. Injury to Personal Property is 3 yrs. §52-577; 2yrs. from discovery if by negligent, reckless, or wanton conduct, with max 3 yrs. from wrong §52-584. Current through P.L. 116-155 (8/8/2020)

## 28 U.S.C. § 2462  Section 2462 - Time for commencing proceedings

84.     Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall

not be entertained unless commenced within five years from the date when the claim

first accrued if, within the same period, the offender or the property is found within the

United States in order that proper service may be made thereon.  June 25, 1948, ch.

646, 62 Stat. 974.  HISTORICAL AND REVISION NOTES Based on title 28, U.S.C.,

1940 ed., §791 (R.S. §1047). Changes were made in phraseology.

  Statute of Limitations on False Arrest by Defendant City of New Haven's

agents (hereinafter "NHPD").  The Plaintiff hopes the Courts conclusion that plaintiff's

false arrest claim is not time-barred, and hopefully declines  to grant any of the

Defendants' motions to dismiss the entire complaint, because a fair reading of the

complaint reveals that it also alleges a claim for malicious prosecution that does not

appear to be time barred.  "Although paragraph 53 is located within the body of the

complaint rather than at the end of the complaint in the section where plaintiff explicitly

labels his "Claims of Relief," this locational discrepancy does not defeat plaintiff's

malicious prosecution claim. Indeed, the Supreme Court has instructed that "[a]

document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting

Estelle v. Gamble, 429 U.S. 97, 106 (1976)). This is a textbook case for application of

the liberal construction rules for pro se pleadings. In contrast to a false arrest claim, the

statute of limitations for a malicious prosecution claim under § 1983 does not begin to

run until the termination of criminal proceedings in a plaintiff's favor. See, e.g., Murphy

v. Lynn, 53 F.3d 547, 548 & n.1 (2d Cir. 1995). That is because "[o]ne element that

must be alleged and proved in a malicious prosecution action is termination of the prior

criminal proceeding in favor of the accused." Heck v. Humphrey, 512 U.S. 477, 484 (1994) Case No. 3:12-cv-01223 (JAM).

Plaintiff Tachica M. Callahan had numerous felony convictions dismissed and pleaded to misdemeanor convictions in GA 23, docket numbers  NNH-CR15-0157509-T 6/16/2016 and 3/4/2019 N23N-CR15-0160074-S.  The "relation back" rules under the Federal Rules of Civil Procedure involve claims that originated in federal court or that were removed to federal court from a state court. See, e.g., Fed. R. Civ. P. 15(c). Here, however, the plaintiff's state court action was not removed or transferred to federal court; instead, it was withdrawn. See Doc. #1 at 4. Accordingly, no basis exists to apply a relation-back or similar rule. See Forras v. Rauf, CV 12-00282 (BJR), 2014 WL 1512814 (D.D.C. Apr. 18, 2014) (declining to apply "relation back" doctrine and finding a claim time-barred where plaintiffs previously filed similar lawsuits in D.C. Superior Court which was not transferred to federal court but that would have been timely had it been filed in first instance in federal court). Plaintiff has not otherwise shown extraordinary circumstances to warrant equitable tolling of the limitations period for his false arrest claim. See, e.g., Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) ("We have applied equitable tolling only in 'rare and exceptional circumstances,' where we found that 'extraordinary circumstances' prevented a party from timely performing a required act, and that the party 'acted with reasonable diligence throughout the period he [sought] to toll.'") (internal citation omitted); see also Gerena v. Korb, 617 F.3d 197, 206 (2d Cir. 2010) (stating in dicta that time limit in Connecticut's general torts statute, Conn. Gen. Stat. § 52-277, functions "as a statute of repose not susceptible to equitable tolling") (citation omitted).  Plaintiff Callahan is not exactly sure how to apply all the

doctrines, civil procedures, federal law, state law, municipal ordinances re her claims against the Defendant (City of New Haven), but believes she is within the time limits to state her claims and seek legal relief.

Plaintiff has otherwise shown extraordinary circumstances to warrant equitable tolling of the limitations period for her false arrest claim. See, e.g., Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) ("We have applied equitable tolling only in 'rare and exceptional circumstances,' where we found that 'extraordinary circumstances' prevented a party from timely performing a required act, and that the party 'acted with reasonable diligence throughout the period he [sought] to toll.'") (internal citation omitted); see also Gerena v. Korb, 617 F.3d 197, 206 (2d Cir. 2010) (stating in dicta that time limit in Connecticut's general torts statute, Conn. Gen. Stat. § 52-277, functions "as a statute of repose not susceptible to equitable tolling") (citation omitted).

The Fourth Amendment to the U.S. Constitution protects the right of the people to be free from unreasonable search or seizure. See U.S. Const. amend. IV. Any claim pursuant to 42 U.S.C. § 1983 for a violation of the Constitution is subject to a three-year statute of limitations. See, e.g., Lounsbury v. Jeffries, 25 F.3d 131, 133 (2d. Cir. 1994). When a plaintiff seeks to file a complaint claiming he has been subject to false arrest in violation of the Fourth Amendment, the date of arrest triggers the start of the statute of limitations time period. See Wallace v. Kato, 549 U.S. 384, 389-90 (2007); Dancy v. McGinley, 843 F.3d 93, 111 **(2d Cir. 2016) No. 3:20cv354 (JAM).**

## XVI. PRAYER FOR RELIEF

**WHEREFORE,** after due proceedings are had, Plaintiff requests by way of relief against Defendant:

a. An award of damages for past and future lost income, benefits and other revenue

due to Plaintiff;

b. An award of damages for emotional distress due to Plaintiff;

c. An award of reasonable attorney's fees and costs;

d. An award of such other and further relief as may be allowed by law or equity which the Court deems just and proper, including, but not limited to an order that Plaintiff be awarded to position as a Collections Service Representative or granted an award of prospective wages in lieu of position Civil Service Collection Services Representative.

**THE PLAINTIFF,**

By: /s/Tachica Michelle Callahan
1309 Ella T. Grasso Blvd
New Haven, CT 06511
Tel.: 203-903-6817
tcallaha@my.bridgeport.edu

## CERTIFICATION

The undersigned hereby certifies that on 12/14/2020 a true and accurate copy of the foregoing was sent via Email, to the following: Senior Assistant Corporation Counsel Michael Wolak, III.

Respectfully submitted,
/s/Tachica M. Callahan____

*Tachica Callahan*
12/14/2020

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506
Toll Free Number:   (866) 408-8075
Boston Direct Dial:   (617) 565-4805
Boston Direct Line:   (617) 565-3200
TTY:   (617) 565-3204
FAX:   (617) 565-3196

Internet: www.eeoc.gov
Email: info@eeoc.gov

Tachica Callahan
1309 Ella Grasso
New Haven, CT  06511

Re:     EEOC Charge No. 523-2019-014323
        Callahan v. City of New Haven, CT


Dear Ms. Callahan:

This office is in receipt of your request for a *Notice of Right to Sue* regarding the
above-referenced charge.

As you know, a Charging Party or his/her counsel is entitled to receive a *Notice of Right to Sue*
upon request for a charge that has been pending with the EEOC for at least 180 days.
Since that is the case for the above charge, we have concluded that issuing you the requested
*Notice of Right to Sue* is warranted at this time.

Enclosed is your *Notice of Right to Sue*. You may contact Enforcement Supervisor, Anthony
Pino at (617) 865-3673 if you have any further questions.

Sincerely,

Anthony M.
Pino, Jr.                                   for
_____            _____
Kenneth An                                  September 15, 2020
Acting Area Director                        Date

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:   **Tachica M. Callahan**
      **1309 Ella Grasso**
      **New Haven, CT 06511**

From:   **Boston Area Office**
        **John F. Kennedy Fed Bldg**
        **15 New Sudbury Street, Room 475**
        **Boston, MA 02203**

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **523-2019-01423** | **Anthony M. Pino, Jr.,**<br>**Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Feng An**

Digitally signed by Feng An
DN: cn=Feng An, o=United States Equal
Employment Opportunity Commission,
ou=Boston Area Office,
email=Feng.An@EEOC.GOV, c=US
Date: 2020.09.15 13:13:25 -04'00'

**Feng K. An,**
**Area Office Director**

September 15, 2020

*(Date Mailed)*

Enclosures(s)

cc:   **Kevin Casini**
      **Assistant Corporation Counsel**
      **165 Church Street, 4th fl**
      **New Haven, CT 06510**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc: