UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TACHICA CALLAHAN,
    *Plaintiff*,

v.

HUMAN RESOURCES, CITY OF NEW
HAVEN *et al.*,
    *Defendants*.

No. 3:20-cv-1881 (JAM)

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Tachica Callahan, a former New Haven teacher, claims that the City has violated her free speech rights. She believes that in retaliation for her many complaints against the City, it fired her as a teacher and later refused to hire her for other jobs. The City has moved to dismiss her claims. Because Callahan has failed to plausibly allege a claim over which the Court has jurisdiction, I will grant the motion.

**BACKGROUND**

Callahan once served the City as an assistant teacher. But she claims that in 2010 and again in 2014, the City fired her.[1] And since then, she alleges, the City has refused to rehire her for other positions. For example, in 2016, it denied her a job interview.[2] And in early 2019, it did not hire her as a collections service representative, even though she allegedly earned the highest score on the City's civil service test.[3] Callahan also claims that later in 2019, she applied to the City for a job as a health assistant, apparently unsuccessfully.[4]

Callahan believes that she was fired and not rehired because of her protected speech. She alleges that she brought employment discrimination and misconduct claims against the City in

---

[1] Doc. #10 at 43 (¶ 261).
[2] *Ibid.* (¶ 262).
[3] *Id.* at 2–3, 4–5 (¶¶ 2, 9–11).
[4] *Id.* at 5 (¶¶ 13, 15).

1

federal court and in proceedings before the Connecticut Commission on Human Rights and Opportunities (CHRO) and before the Equal Employment Opportunity Commission (EEOC).[5]

Callahan has now filed this lawsuit against the City and some of its departments and staff. She brings six counts under state law (Counts One to Six), including one under Conn. Gen. Stat. § 31-51q (Count Two).[6] She also brings one count for First Amendment retaliation under 42 U.S.C. § 1983 (Count Seven).[7] The defendants have moved to dismiss all her claims.[8]

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[9] As the Supreme Court has explained, this "plausibility" requirement is "not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In other words, a valid claim for relief must cross "the line between possibility and plausibility." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

In addition, a complaint cannot rely on conclusory allegations. *See Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). A complaint that makes a threadbare recital of the elements of a cause of action without including supporting factual allegations does not establish plausible grounds for relief. *Id*. To be sure, "*pro se* complaints must be construed liberally and

---

[5] *Id*. at 3, 7, 8 (¶¶ 2, 24, 31–33). Callahan also alleges that she has filed claims against the New Haven police for misconduct when they arrested her at some point. *Id.* at 2, 12–14 (¶¶ 1, 54–70). But her complaint does not specify the date of any such complaints about the police or any grounds to conclude that these complaints have anything to do with the failure to hire her for positions not related to the police department. It appears from materials filed by Callahan in an earlier case that she lodged these complaints in 2015 and 2016. *See Callahan v. Department of Human Resource*, 3:18-cv-488-JAM (D. Conn.) (Doc. #56-4 at 5, 13).
[6] Doc. #10 at 35–36, 41–42 (¶¶ 201–15, 242–58).
[7] *Id.* at 42–43 (¶¶ 259–265).
[8] Doc. #29.
[9] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint must plead enough facts to state a plausible claim for relief.

I have previously granted summary judgment dismissing two other lawsuits that Callahan has filed alleging that the City and certain city officials violated various employment discrimination and retaliation laws when Callahan was terminated from her employment in 2015 and denied re-employment in 2016. *See Callahan v. City of New Haven Dep't of Hum. Res.*, 2021 WL 2206565 (D. Conn. 2021); *Callahan v. City of New Haven Bd. of Educ.*, 2019 WL 6918516 (D. Conn. 2019); *see also Callahan v. Gateway Cmty. Coll.*, 2019 WL 1052177, at *1 (D. Conn. 2019) (dismissing employment discrimination and retaliation claims against Gateway Community College).

In this most recent lawsuit, Callahan alleges a claim under 42 U.S.C. § 1983 for retaliation against her First Amendment right to free speech. She alleges that the City retaliated against her by firing her in 2010 and 2014 and by denying her employment in 2016 and 2019. In Connecticut, however, § 1983 claims are subject to a three-year statute of limitations. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d. Cir. 1994). And Callahan filed this lawsuit in December 2020.[10] Therefore, she normally could sue only over events occurring after December 2017.

Callahan's complaint does mention equitable tolling, a doctrine that sometimes allows plaintiffs to sue after the limitations period has expired.[11] But as Callahan acknowledges, equitable tolling applies "only in rare and exceptional circumstances," when "extraordinary

---

[10] Doc. #1.
[11] Doc. #10 at 45 (¶ 271).

3

circumstances prevented a party from timely performing a required act."[12] Here, however, Callahan does not say why she could not have sued in time, let alone explain why her excuse is "extraordinary." There is accordingly no basis to equitably toll her claim. It must be limited to the City's refusals to hire her for the collection services representative and health assistant positions in 2019.

And that part of her claim fails on the merits. To establish a *prima facie* case of First Amendment retaliation, Callahan must ultimately demonstrate "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015). Even assuming that Callahan's speech complaining about discrimination and retaliation was protected speech under the First Amendment and that the City's failure to hire her was an adverse act, she has not plausibly alleged a causal connection between her speech and any later adverse actions.

To plausibly plead causation, Callahan must allege facts suggesting that her "protected activity was a substantial motivating factor in the adverse employment action." *Specht v. City of New York*, 15 F.4th 594, 605 (2d Cir. 2021). She can meet her burden by alleging either direct evidence of retaliation, or indirect evidence that "the adverse employment decision and the protected activity were close in time." *Ibid*. But Callahan's complaint does neither. First, she offers no direct evidence of a retaliatory motive, such as comments by a City official stating that she was not hired because of her complaints against the City.

Nor has Callahan plausibly alleged causation based on timing. Callahan alleges that she was not hired for the collection services representative and health assistant positions beginning in

---

[12] *Id.* at 46 (¶ 273) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)).

March 2019.[13] But she does not allege any protected speech activity near in time before March 2019. Her prior federal lawsuit against the City was filed a full year before in March 2018.[14] Her CHRO complaint was filed three years before in 2016, and her EEOC complaint was not filed until several months *after* March 2019 in January 2020.[15] Because at least one year elapsed between any alleged protected speech activity and the defendants' later alleged failure to re-hire her, Callahan has not alleged temporally proximate acts to create a plausible inference of causation. *See ibid.* ("We have previously found the passage of up to six months between an adverse action and protected activity sufficient to permit an inference of causation."). Therefore, Callahan has failed to state a plausible claim for First Amendment retaliation.

The Court also has federal question jurisdiction over Callahan's § 31-51q claim insofar as it is predicated in part on a violation of free speech rights under the First Amendment. *See Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 115–16 (2d Cir. 2004). Like her § 1983 claim, this claim has a three-year statute of limitations. *See* Conn. Gen. Stat. § 52-577; *Chapman v. Sikorsky Aircraft Corp.*, 2015 WL 75493, at *2 (D. Conn. 2015). Thus, the § 31-51q claim must also be limited to the City's refusal to hire her in 2019.

But unlike a § 1983 claim, a § 31-51q claim requires the plaintiff to prove that there was "discipline or discharge." Other forms of adverse employment actions do not suffice for a § 31-51q claim. *See Nelson v. City of Hartford*, 2022 WL 168798, at *6 (D. Conn. 2022). Section 31-51q does not cover an employer's "retaliatory failure to hire." *Edwards v. E. Connecticut State*

---

[13] Doc. #10 at 2, 5 (¶¶ 2, 11–13, 15).
[14] *Callahan v. Department of Human Resource*, 3:18-cv-488 (D. Conn.) (complaint filed on March 22, 2018); *see also Callahan v. City of New Haven Dep't of Hum. Res.*, 2021 WL 2206565 (D. Conn. 2021) (granting summary judgment for defendants on Callahan's employment discrimination and retaliation claims).
[15] Doc. #10 at 2–3, 8 (¶¶ 2, 31–33); *see also* Doc. #36-1 at 3 (asserting that Callahan was denied an opportunity with the City in 2019 "after reporting discriminatory employment re the City of New Haven to the Commission of Human Rights in Opportunities in 2016").

*Univ.*, 2017 WL 6601935, at *4 (Conn. Super. Ct. 2017). Therefore, Callahan has failed to state a plausible § 31-51q claim.

Callahan also brings five other state law claims. But in the absence of a claim over which the Court has federal question jurisdiction, I decline to exercise supplemental jurisdiction over them. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Nor need I address any of the defendants' many other arguments for dismissal.

## CONCLUSION

The Court GRANTS without prejudice the defendants' motion to dismiss (Doc. #29). Callahan's motion for more definite statement (Doc. #37) is DENIED as moot. The Clerk of Court shall close this case. If Callahan has good faith grounds to allege facts that would overcome the concerns stated in this ruling, then she may file a motion to re-open along with a proposed amended complaint on or before **March 18, 2022**.

It is so ordered.

Dated at New Haven this 14th day of February 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge