## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TACHICA CALLAHAN,
　　　*Plaintiff*,

　　v.

HUMAN RESOURCES, CITY OF NEW
HAVEN *et al.*,
　　　*Defendants*.

No. 3:20-cv-1881 (JAM)

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
### AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff Tachica Callahan has filed this lawsuit against the City of New Haven and

numerous departments and officials. She seeks to challenge the termination of her employment

and failure to re-hire her at various times from 2010 to 2019. After I granted the defendants'

motion to dismiss, Callahan has filed an amended complaint, and the defendants have again

moved again to dismiss. I will grant their motion and deny Callahan's motion for leave to file

another amended complaint.

### BACKGROUND

Callahan has been litigating for years against the City of New Haven and certain city

officials. She filed her first lawsuit against the City and four city officials in 2018.[1] She claimed

back then that she had scored first on a civil service exam in 2015 but that the City failed to hire

her to be a collections service representative at the City's tax office.[2] Her first lawsuit asserted

claims for disparate treatment on the basis of race and sex under Title VII of the Civil Rights Act

of 1964 and the Connecticut Fair Employment Practices Act ("CFEPA"); disparate treatment on

---

[1] *See Callahan v. City of New Haven Dep't of Hum. Res.*, 3:18-cv-488-JAM (D. Conn. 2018). Her amended complaint named as defendants "the Tax Collector, Maurine Villani; the Manager of Human Resources and Benefits, Stephen J. Librandi; the Personnel Director, Noelia Marcano; and the Tax Office's Deputy Director, Michelle Carfora." *Callahan v. City of New Haven Dep't of Hum. Res.*, 2021 WL 2206565, at *1 (D. Conn. 2021).
[2] *Callahan*, 2021 WL 2206565, at *1–3.

the basis of marital status and age under CFEPA; racial discrimination under 42 U.S.C. § 1981; and retaliation under Title VII, CFEPA, and 42 U.S.C. § 1981.[3] In June 2021, I granted the defendants' motion for summary judgment, concluding that Callahan had not raised a genuine issue of material fact for trial.[4]

In the meantime, Callahan filed this second lawsuit in December 2020. Her first amended complaint in this second lawsuit alleged that the City had wrongfully fired her from teaching jobs in 2010 and 2014, that the City had denied her the job as collection services representative in 2016, and that the City again did not hire her in 2019 for positions as a collections service representative and as a health assistant despite the fact that she earned a top score on the civil service test.[5] She claimed that these adverse job actions were in retaliation for the exercise of her First Amendment speech rights as well as in violation of state law.[6]

In February 2022, I granted the defendants' motion to dismiss the second lawsuit.[7] I ruled that most of Callahan's allegations were time-barred and that the only allegations that were not time-barred concerned her allegations regarding the City's failure to hire her for positions in 2019.[8] As to the non-time-barred allegations from 2019, I ruled that Callahan had failed to allege facts to plausibly suggest that there was any causal connection between her protected speech and any adverse action.[9] She had not alleged direct evidence of a retaliatory motive, and no causal connection could be inferred from the timing of events because she had not alleged any protected speech activity near in time before the failure to hire her in March 2019.[10] I otherwise declined to

---

[3] *Id.* at *4.
[4] *Id.* at *1–7.
[5] *See Callahan v. Hum. Res.*, 2022 WL 445819, at *1 (D. Conn. 2022).
[6] *Ibid.*
[7] *Ibid.*
[8] *Id.* at *2.
[9] *Id.* at *2–3.
[10] *Ibid.* (citing *Specht v. City of New York*, 15 F.4th 594, 605 (2d Cir. 2021)).

exercise supplemental jurisdiction over Callahan's state law claims and dismissed her complaint without prejudice to filing an amended complaint that stated plausible grounds for relief.[11]

In March 2022, Callahan filed a second amended complaint.[12] The second amended complaint reiterates her First Amendment claim and further alleges standard federal and state statutory claims for discrimination and retaliation under Title VII, CFEPA, and 42 U.S.C. § 1981.[13]

The defendants have moved to dismiss the second amended complaint.[14] Callahan in turn has moved for leave to file another amended complaint.[15] I heard oral argument on November 4, 2022, and this ruling now follows.

## DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[16] A *pro se* complaint must be construed liberally but still must plead enough facts to state a plausible claim for relief. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).

### First Amendment retaliation

Callahan's second amended complaint reiterates her claims for First Amendment retaliation.[17] The complaint is lengthy and disjointed—it does not include a numbered statement

---

[11] *Id.* at *3.
[12] Doc. #42.
[13] *Id.* at 3–4.
[14] Doc. #44.
[15] Doc. #45.
[16] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[17] Doc. #42 at 2–3.

of facts but instead discursively wanders from subject to subject in no particular order. So far as I can tell, the second amended complaint does not allege any additional facts to plausibly suggest a causal connection between Callahan's alleged protected speech activity and the adverse actions alleged to have occurred in 2019. That was the problem with Callahan's first complaint, and it does not look like Callahan has done anything to fix it. So I will once again dismiss Callahan's First Amendment retaliation claim.

### *Res judicata*

As noted above, Callahan's second amended complaint additionally alleges various claims for discrimination and retaliation under Title VII, CFEPA, and 42 U.S.C. § 1981. The defendants argue that these claims are barred by the doctrine of *res judicata*—a doctrine designed to prevent parties from vexatiously relitigating issues that were or could have been raised in a prior action. *See EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007). According to the defendants, Callahan's additional claims were or could have been raised in the 2018 action that was dismissed on summary judgment in 2021.[18]

The doctrine of *res judicata*—sometimes referred to as "claim preclusion"—bars a plaintiff from re-litigating claims if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Soules v. Conn. Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018). I will address each of these three requirements in turn.

As to the first requirement, the 2018 action was adjudicated on the merits. I granted summary judgment for the defendants, concluding that Callahan failed to raise a genuine issue of

---

[18] Doc. #44-1 at 11–13.

material fact for trial with respect to her claims for discrimination and retaliation. *See Callahan v. City of New Haven Dep't of Hum. Res.*, 2021 WL 2206565, at \*5–7.

As to the second requirement, the 2018 action involved the same parties against whom Callahan now seeks to proceed by way of her second amended complaint. The defendants in the 2018 action were "the City of New Haven and four of its officials: the Tax Collector, Maurine Villani; the Manager of Human Resources and Benefits, Stephen J. Librandi; the Personnel Director, Noelia Marcano; and the Tax Office's Deputy Director, Michelle Carfora." *Id.* at \*1. Except for Carfora, these are the same defendants against whom Callahan now seeks to proceed with the new claims alleged in her second amended complaint in this action.[19]

As to the third requirement, except for allegations concerning her failure to be hired in 2019, all of Callahan's discrimination and retaliation claims either were or could have been raised in the 2018 action which also concerned Callahan's employment-related claims against the City.[20] She lost the 2018 action, and to the extent that Callahan now seeks to raise any claims with respect to acts by the defendants before 2019, Callahan does not suggest any reason why she did not or could not have raised these claims in the 2018 action. Therefore, as to all employment-related discrimination and retaliation claims stemming from acts occurring prior to

---

[19] Doc. #42 at 3 (stating intent to proceed against the City, Villani, Marcano, and Librandi). The second amended complaint makes no mention of Carfora except to quote from one of my prior rulings that referenced Carfora by name. *Id.* at 6. This is reason enough to dismiss any claim against Carfora even if she is deemed to have been properly named as a defendant in the first place. Only by liberally interpreting the second amended complaint may I conclude that Callahan has properly named the City, Villani, Marcano, and Librandi as defendants. The usual rule is that a complaint must identify the named defendants in the title or caption of the complaint rather than interspersing their names in the body of the complaint as Callahan has done here. *See* Fed. R. Civ. P. 10(a). The caption of the second amended complaint identifies by name only one putative defendant: "Human Resources, City of New Haven." Doc. #42 at 1. I have previously ruled that Callahan's claims cannot proceed against municipal departments such as the City's human resources department that lack an independent legal status to allow them to sue or be sued. *See Callahan v. City of New Haven Dep't of Hum. Res.*, 2019 WL 1052181 (D. Conn. 2019).

[20] I make an exception for the failure to hire Callahan in 2019, because when I granted summary judgment for the defendants as to the 2018 action, I expressly noted that I was not addressing Callahan's claims arising from the failure to hire her in 2019 and for which she made clear she wished to litigate by separate action. *See Callahan v. City of New Haven Dep't of Hum. Res.*, 2021 WL 2206565, at \*4 n.35.

2019, I conclude that Callahan's claims against the City, Villani, Librandi, and Marcano are barred by *res judicata*.[21]

### Failure to state claim

As to Callahan's claims for discrimination and retaliation arising from the City's decision not to hire her in 2019, the defendants further argue that she has failed to state plausible grounds for relief.[22] I agree. Notwithstanding the 30-page length of Callahan's second amended complaint, it does not allege any facts to show that the City's decision not to hire her in 2019 was because of any prohibited reason of discrimination or retaliation under Title VII, CFEPA, or 42 U.S.C. § 1981. Indeed, Callahan acknowledges that the City granted her an interview for the customer service representative position in 2019.[23] The fact that Callahan scored highly on a civil service exam does not make it plausible to conclude that—despite choosing to interview her for a position—the City chose not to hire her because of her race or because of other protected characteristics or because she had previously lodged complaints against the City. Callahan does not allege any facts—as distinct from legal conclusions—to suggest that the City or any of the defendants acted for such improper reasons.

The listed defendants in this action also include Eric Eisenhard of the New Haven Police Department.[24] But all the complaint says about Eisenhard is that Callahan lodged "numerous

---

[21] Nor does Callahan suggest any grounds to conclude that her complaint about any acts occurring prior to December 2017 are not time-barred as I ruled when I granted the defendants' first motion to dismiss in this action. *See Callahan v. Hum. Res.*, 2022 WL 445819, at *2.Therefore, even assuming that any of Callahan's allegations with respect to pre-2019 conduct is not barred by *res judicata*, it appears those claims would fail all the same because of the statute of limitations.

[22] Doc. #44-1 at 13–15.

[23] Doc. #42 at 22 ("Callahan interviewed in 2019 for the CSR [customer service representative] position and was ultimately denied employment.").

[24] Doc. #42.

complaints against their policemen—Eric Eisenhard is one in particular."[25] The complaint has no further allegations about what Eisenhard did to violate Callahan's rights.

Even if Callahan has plausible (but unstated) grounds to proceed against Eisenhard with respect to his police duties, there is nothing to suggest that any such claim against him or the police would be related to her employment claims against the City. Callahan does not show that any claim against Eisenhard could be properly joined as the rules require with her claim against the City and other city officials stemming from her termination as a teacher and failure to hire her at the tax office or as a health aide. *See* Fed. R. Civ. P. 19 & 20 (rules governing mandatory and permissive joinder of defendants in one action).

### *Callahan's motion for leave to amend*

Rather than file any objection or other response to the motion to dismiss, Callahan has filed a motion for leave to file a third amended complaint.[26] Of course, a court should generally "freely give" leave to a plaintiff to amend a complaint. Fed. R. Civ. P. 15(a). But leave to amend need not be granted if the amendment would be futile. *See In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021). And as the Second Circuit has recently explained, "a plaintiff need not be given leave to amend if he fails to specify … to the district court … how amendment would cure the pleading deficiencies in his complaint." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 309 (2d Cir. 2022).

Callahan's motion for leave to amend is not accompanied by any proposed third amended complaint. Other than recycling the same allegations that appear in prior complaints, Callahan's motion does not intelligibly allege any further facts that would salvage any of her claims. Accordingly, I will deny her motion for leave to amend and dismiss her claims with prejudice.

---

[25] *Id.* at 14.
[26] Doc. #45.

**CONCLUSION**

The Court GRANTS the defendants' motion to dismiss (Doc. #44) and DENIES

Callahan's motion for leave to file an amended complaint (Doc. #45). The dismissal of

Callahan's claims is with prejudice with respect to those federal and state law claims discussed

in this ruling but without prejudice as to any state law claims not discussed in this ruling and as

to which the Court declines to exercise supplemental jurisdiction. The Clerk of Court shall close

this case.

It is so ordered.

Dated at New Haven this 8th day of November 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge